76 F.3d 370
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
CARIBE HILTON INTERNATIONAL, d/b/a Caribe Hilton
International, Plaintiff--Appellant,
v.
UNION DE TRABAJADORES DE LA INDUSTRIA GASTRONOMICA DE PUERTO
RICO; Local 610 of the Hotel Employees and
Restaurant Employees International Union
AFL-CIO, et al., Defendant--Appellee.
 No. 95-1725.
 United States Court of Appeals, First Circuit.
 Feb. 15, 1996.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Hector M. Laffitte, U.S. District Judge].
 Roberto E. Vega-Pacheco, Mayra I. Rivera-Delgado, and Martinez Odell & Calabria on brief for appellant.
 Francisco Aponti Perez on brief for appellee.
 Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and STAHL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Caribe Hilton International ("the Hotel") brought an action in the United States District Court for the District of Puerto Rico to vacate a labor arbitration award. The district court ruled against the Hotel on cross motions for summary judgment, affirming the arbitral award. The Hotel appeals. We affirm the ruling below.
 
 
 2
 This dispute arose from a disagreement between the Hotel and the appellee Union as to the appropriate ratio of banquet waiters to function patrons, an issue that had been a source of conflict for some time. On August 3, 1990, a dispute arose again over the waiter-patron ratio. The banquet waiters' union representative called a work stoppage; the protest quickly spread to all departments of the Hotel. For two to three hours, about 300 employees stopped work, bringing the entire Hotel's operations to a standstill. It is undisputed that the action was an illegal strike, in violation of the collective bargaining agreement. At issue is the Hotel's response to the illegal strike.
 
 
 3
 The Hotel terminated all of the banquet workers, even though the arbitrator found that the several waiters played decidedly different roles in instigating the strike. The employees from other departments were only mildly penalized, by the loss of pay for the two or three hour duration of the strike. The union sought arbitration, and the parties submitted the issue to the arbitrator as follows: "[W]hether the dismissal of all the complainants was or not [sic] justified. If not, that the arbitrator provide the corresponding remedy."
 
 
 4
 The arbitrator ruled that the dismissals were not justified. Specifically, the arbitrator found that the dismissals constituted discrimination against the banquet workers (as a group) vis-a-vis the employees in the other departments, and that the dismissals were unfair as among the individual banquet workers because the remedy did not reflect the waiters' varying levels of culpability. Having found that the dismissal of the workers was unjustified, the arbitrator proceeded to determine an appropriate remedy, consistent with the parties' arbitral submission. The arbitrator divided the waiters into three groups based on their culpability in instigating the strike. All three groups were reinstated, but backpay and suspension periods were tailored to each group's culpability.
 
 
 5
 A court's review of a labor arbitration award is highly deferential. See United Paper Workers Int'l Union v. Misco, Inc., 484 U.S. 29, 36-38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of its authority, that a court is convinced he committed serious error does not suffice to overturn his decision."). The district court affirmed the arbitrator's award in a comprehensive and detailed opinion, consistent with the deferential standard of review. That opinion addresses all of the arguments that the Hotel raises in this appeal. Pursuant to First Circuit Rule 27.1, we affirm the judgment below on the basis of the district court's well-reasoned opinion.